*1053 OPINION.
Aeundell :
Section 402(c) of the Eevenue Act of 1921 provides that there shall be included in the gross estate of a decedent the value of any property of which the decedent has made a gift in contemplation of death or a transfer intended to take effect in possession or enjoyment at or after death, and further provides that a transfer within two years of death of a material part of a decedent’s property shall, unless shown to the contrary, be deemed to have been made in contemplation of death. The gifts here in question were made within two years of death, and under the presumption of law created by the statute must be deemed to have been made in contemplation of death, unless the evidence produced serves to overcome that presumption.
In the well-considered opinion of Rea v. Heiner, 6 Fed. (2d) 389, the court, after reviewing a number of State and Federal authorities, states:
There is a common agreement that the words “ contemplation of death ” mean not the general knowledge of all men that they must die; that it must be a present apprehension, from some existing bodily or mental condition or impending peril, creating a reasonable fear that death is near at hand; and that, so arising, it must be the direct and animating cause, and the only cause, of the transfer. If this apprehension, so arising, is absent, there is not that contemplation of death intended by the statute, especially when another adequate motive actuating the gift is shown.
This statement of law is abundantly supported by the authorities. Shwab v. Doyle, 269 Fed. 321; Spreckels v. State, 30 Cal. App. 363; 158 Pac. 549; Vaughan v. Riordan, 280 Fed. 742; Meyer v. United States, 60 Ct. Cls. 474. Also see Appeal of Philip T. Starch, 3 B. T. A. 514; Appeal of Spencer Borden, Jr., 6 B. T. A. 255.
Appfying the law as thus expressed to the facts as set forth in the findings, we have no hesitation in reaching the conclusion that the gifts were not induced by a present apprehension of death and were not made in contemplation of death as that expression had been interpreted.
Decedent had in mind making the gifts to her daughters for a number of years and was dissuaded from doing so first, in 1916, by the sage advice of her counsel, and again by fear that the creditors of one of her daughters might deprive her of the benefits she wanted to confer. At the time she definitely determined to delay no longer, in 1921, she was in excellent health and had practically never known *1054 a sick clay in her life. It is true she had passed the allotted three score years and ten, but she was from a long-lived family and was optimistic that she had manjr years yet to live. She retained to herself an estate more than sufficient to give her all of the comforts to which she was accustomed and by her act was both able to help her children, who needed assistance, and to relieve herself of the management of farms located at distant places which had been only a trouble and bother to her. While it is a fact that she suffered a slight stroke of paralysis two days before the execution of the transfers, the evidence is uncontroverted that while yet in unimpaired health the plans and details had been determined upon and the instruments themselves were in process of preparation. Indeed on the date of execution of the transfers, two days after her spell, she had sufficiently recovered to be up and dressed.
Respondent has suggested that the transfers were made to take effect in possession and enjoyment at or after death because the evidence disclosed that decedent retained to herself the rents then due for the farms. This contention is without merit. The instruments of conveyance were absolute.
Judgment will be entered on 15 days’ notice, under Bule 50.
Considered by Stbrnhagen and Geioen.